## RAMSAY VS. RAMSAY.

| 20 | 507 |
| 95 | 412 |

*Right of mother to guardianship of infant child, after death of father.*

1. The mother, on the death of the father, is guardian by nature of her infant child.
2. Letters of guardianship of a girl about two years old, issued to an uncle, without notice to the mother, should be revoked on her petition, unless it appears that she is not fit to have control of the child.
3. That the mother had no means to support and maintain the child, was not just cause for depriving her of its custody.
4. An order in such case, directing the uncle to deliver the child to the mother, was sustained, although it did not *in terms* revoke the letters first issued.

APPEAL from the Circuit Court for *Adams* County.

This was a contest for the guardianship of Libbie Ramsay (a girl about two years old), between *Rhoda E. Ramsay*, the mother of the child, and *Robert M. Ramsay*, its uncle. On the trial in the circuit court, it appeared that Thomas M. Ramsay, the father of the child, enlisted in the army in August, 1864, and died in November following, and that about a year before his death, he and his wife *Rhoda* had separated, Libbie remaining with her father. *Robert M. Ramsay* testified that before Thomas went into the army he left the child with him, and said he wished him to take it, and bring it up as his own. Four other witnesses heard Thomas Ramsay say, about the time he entered the army, that he had given his daughter Libbie to his brother *Robert* to take care of, and bring it up as his own child. The other facts in the case are sufficiently stated in the opinion.

*G. C. Prentiss* and *S. U. Pinney*, for appellant, as to the weight to be given to the wishes of the father, cited *Foster v. Mott*, 3 Bradf., 409. To the point that the probate court may remove the mother from her natural guardianship, and that this may be done by appointing another guardian, they cited Reeves Dom. Rel., 458–9 *et seq.* All the facts stated in the petition of the mother were stated in the petition for *Mr. Ramsay's* appointment, and their effect had already been adju-

dicated. We have now the anomaly of a guardian still continuing in that relation, deprived of the custody of his ward, and that without cause.

*Otis B. Lapham,* for respondent.

COLE, J. There is no good reason shown for depriving the mother of the care and custody of the child. It is an infant female, about two years old, and on the death of the father the mother became its lawful guardian. It may be that the mother has no means to support and maintain the child; but this furnishes no just cause for depriving her of its custody, and giving it to the paternal uncle. The guardian by nature, on the death of the father, is the mother. She has a right to the person of her child, unless it appears that she is an unfit person to have control of it. An effort was made to show that she was destitute of affection for her offspring, or was of so quick and violent a temper as rendered her unfit or unsuitable to have charge of the child. The proof however fails to establish any such case. It does not show that her character or conduct has been such that a court would be authorized to interfere and deprive her of the care and custody of this infant child. Nor do we think the declarations of the deceased father, to the effect that he had given the child to his brother, entitled to much weight. The evidence in regard to them is quite too indefinite and unreliable to guide the action of the court in determining the question as to who should have the custody of the child. It is claimed that the respondent has mistaken her remedy, and that the practice pursued in this case is irregular. It appears that the appellant was appointed by the county judge guardian of the child on the 29th day of November, 1864, the mother having no notice that the application for such appointment would be heard on that day. On the 20th of December following, the mother made application, by petition to the county court, that this appointment be revoked and annulled, and that the child be delivered into her

possession and custody, and that she be appointed its guardian. The county court, on the hearing, dismissed this application, and the respondent took an appeal. The circuit court held, after a full investigation into the matter, that the appointment of the appellant as guardian of the child was improperly and irregularly made, and ordered that he deliver it into the custody, care and keeping of the mother. The order did not in so many words revoke the letters of guardianship which had been issued to the appellant. Perhaps the order did not go as far as it should in this particular. But surely the error is not one of which the appellant can complain. If the order is not as favorable an one as the respondent was entitled to take under the circumstances, how is the appellant prejudiced by such a defect in the order? We cannot see that the proceeding is open to any objection.

*By the Court.*—The order of the circuit court is affirmed.